# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Tammy Lynn Figuera | **Case No :** | 14–21730 – A – 7 |
| | | **Date :** | 9/22/14 |
| | | **Time :** | 10:00 |

| | |
|---|---|
| **Matter :** | [76] – Motion/Application For Contempt Filed by Debtor Tammy Lynn Figuera (rlos) |
| **Judge :** | Michael S. McManus |
| **Courtroom Deputy :** | Sarah Head |
| **Reporter :** | Diamond Reporters |
| **Department :** | A |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
(by phone)     Creditor's Attorney – Glen Navis

---

The court will issue a minute order.

Final Ruling: The motion will be denied.

The debtor complains that Jasbir Brar did not pay the $3,475 ordered by the court in its order entered on July 29, 2014. Docket 72. That order provides, in pertinent part:

"IT IS FURTHER ORDERD [sic] that the court will award $3,475 in total damages to the debtor ($3,000 in punitive damages plus $475 in compensatory damages). Such damages shall be paid by Mr. Brar to the debtor no less than seven days after entry of this order. Mr. Brar shall pay the damages to the debtor by cashier or personal check, made payable to the debtor, to be sent to the address the debtor provided Mr. Brar at the June 16 hearing on this motion."

The debtor has filed a declaration stating that he mailed a personal check to the debtor on August 2, 2014. Docket 80 at 1–2. The check is attached to the declaration. Docket 80 at 10. The check was mailed to the debtor's former residence in Rocklin, California. Docket 80 at 2. The house is vacant. Id. The debtor apparently did not receive the check.

After this motion was filed, Mr. Brar purchased a cashier check for $3,475 and mailed it to his attorney, who in turn mailed it to the debtor's former residence in Rocklin, California on August 21, 2014. Docket 80 at 2, 3, Ex. 3.

The debtor does not dispute that she wanted the check to be sent to her former residence in Rocklin, California. She says, however, that she did not receive the personal check from Mr. Brar.

Nevertheless, she admits to receiving the cashier check from Mr. Brar's attorney, Glen Navis.

As the debtor has now received the payment ordered by this court, this motion is moot.

To the extent the debtor continues to complain that she did not receive the payment within the time ordered by the court, "no less than seven days after entry of th[e] [July 29, 2014] order," the court has no reason to disbelieve Mr. Brar in his representation that he sent a personal check for the required sum to the address

in Rocklin, California on August 2, 2014, within the time allotted by the court. His statement is supported by a declaration executed under the penalty of perjury. Docket 80 at 2, paragraph 3.

The court also does not have evidence from the debtor that she contacted Mr. Nevis before filing this motion, to inquire about why she had not received the ordered payment within the time allotted by the court. If she had contacted him, the filing and prosecution of this motion could have been easily averted.

The court finds no basis upon which to order further relief. The motion will be denied.